JUDGE RAKOFF     13 CV 4738

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

THEODORE EDWARDS,

        Plaintiff,

    -against-

THE CITY OF NEW YORK, P.O.
KELVIN OZUNA and JOHN DOES 1-5

        Defendants.
------------------------------------------------------------ X

COMPLAINT IN CIVIL CASE

JURY TRIAL DEMANDED

CASE NUMBER:

Plaintiff, THEODORE EDWARDS, by his attorney, ADRIAN A. ELLIS, LLC, alleges as follows:

## I. INTRODUCTION

1. This is an action pursuant to U.S.C. Section 1983 to vindicate the civil rights of THEODORE EDWARDS. The plaintiff contends that the defendants have subjected the Plaintiff to a malicious abuse of process whereas he has been seized, unlawfully arrested, falsely imprisoned, defamed and humiliated without cause by the defendants. Defendants were acting under the color of state law and pursuant to municipal customs, practices and policies when they undertook the aforementioned acts against plaintiff.

## II. JURISDICTION

2. This court has jurisdiction over this action under 42 U.S.C. Section 1983 and the 6th, 4th, 5th and 14th Amendments of the Constitution of the United States. Venue is proper, as the operative events occurred within this judicial district.

## III. PARTIES

3. Plaintiff, Theodore Edwards resides in the Bronx County and sues on his own behalf.

4. Defendant, the City of New York is a municipality that is incorporated under the laws of the State of New York, New York. Its actions and those of its agents must conform to the dictates of the Constitution of the United States. It may sue and be sued and at all relevant times herein acted under the color of the state law and pursuant to its own policies, practices and customs.

5. Defendants, Police Officer Kelvin Ozuna and John Does 1-5 were at all times employed by the City of New York as police officers. Their actions must conform to the dictates of the Constitution of the United States. They are sued in their individual capacities for violating the plaintiff's civil rights while acting under the color of state law and/or acting pursuant to policies, practices and customs of the City of New York. John Does 1-5 whose names and shield numbers plaintiff has been unable to ascertain despite reasonable efforts, are sued in their individual capacities.

IV.                      **FACTUAL AVERMENTS**

6. Defendants who were acting under the color of the state law and/or pursuant to policies, practices and customs of the City of New York violated plaintiff's civil rights in the following ways:

a.      On March 13, 2010 the plaintiff was arrested after an altercation with his girlfriend by officers from the 44th precinct. This case was ultimately dismissed on July 6, 2011 but the significance of this case was that it was the prelude to a series of false arrest cases made by the defendants against the plaintiff.

b.      On June 13, 2010 pursuant to arrest number B10649255 the plaintiff was arrested by defendants John Does who were assigned to the 44th precinct. The defendants came to the plaintiff's home and left a business card for the plaintiff to call. When plaintiff called he was told he needed to come to the precinct. When plaintiff asked what the police wanted with him he was

told that he could not be provided any details until he arrived at the precinct. The following week the plaintiff was stopped by detectives who asked him his name, when the plaintiff responded he was then arrested. When the plaintiff was taken to the precinct at approximately 10:00 p.m. he was locked up without any explanation and did not receive any information until approximately 2:00 p.m. on June 14, 2010. Once the plaintiff was informed that he was being charged with robbery he was then transported to another precinct and placed in a lineup. After the lineup was conducted and the plaintiff was not identified as the perpetrator the officers took the plaintiff to central booking. The plaintiff was then placed in the custody of a homicide detective who wanted the plaintiff to testify at a homicide trial. The homicide detective had been pressuring the defendant to testify at an upcoming homicide trial and intimated to the defendant that the plaintiff's reluctance to testify in the homicide matter was the reason he had been in custody for a day and a half.

c.      On April 12, 2012 the plaintiff pled guilty to disorderly conduct and was sentenced to time served when he was then released to the police of the 49th precinct under the auspices that a warrant was out for his arrest, pursuant to arrest number B12629772. The warrant was allegedly for a robbery that had occurred in the confines of the 49th precinct. The victim of the alleged robbery had reportedly identified the perpetrator from a wanted person poster, of which upon information and belief the plaintiff has never appeared. The defendant John Does told the plaintiff that the complainant had arrived at the precinct with a picture of the plaintiff and provided the plaintiff's name. The plaintiff subsequently was able to identify the complainant who rubbished via communications with the plaintiff and his girlfriend that she had identified the plaintiff as the perpetrator and had provided his name to the police. After the charges were

ascertained to be without merit the defendants opted to not proceed with prosecution. The plaintiff was incarcerated for one day until he was released.

V.         **FIRST CLAIM FOR RELIEF**

7. Defendants actions against plaintiff were undertaken pursuant to municipal policies, practices and customs of using police power to arrest and seize citizenry when deemed necessary.

8. As a result of the defendants actions the plaintiff is fearful of all police officers and is unable to respect the police force and the purported purpose to "protect and serve". The plaintiff is traumatized by the callous and casual manner in which he was just picked up and arrested and suffers from anxiety whenever he sees the police.

9. The conduct of defendants in maliciously abusing the process against the plaintiff was outrageous and was done with a total and utter reckless indifference to plaintiff's protected civil rights, entitling plaintiffs to an award of punitive damages as against the individual defendants.

10. The arrests of the plaintiff were affected without the constitutional prerequisites and in total and utter disregard for the civil rights of the plaintiff.

11. Solely as a result of these actions, plaintiff has:

a.     Suffered severe emotional trauma and was subjected to great fear and terror and personal humiliation and degradation.

b.     Has continued to suffer from mental and emotional distress as a result of the unlawful conduct of the defendants, and

c.     Has been caused to fear repetition of the unlawful conduct by the defendants or by other police officers.

12. Each of the defendants, jointly and severally, acted maliciously, willfully and wantonly, and outside the scope of their jurisdiction, although under the color of law, and violated the rights of the plaintiffs:

a. To be free from unlawful arrest and imprisonment;

b. To be free from malicious abuse of process;

c. To be free from summary punishment without trial; and

d. To due process of law.

13. All of these rights are secured to the plaintiff by the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States of America and by 42 U.S.C.§§ 1983, 1988.

14. As a result of the defendants conduct, plaintiff has suffered damage and injury.

## PRAYER

Plaintiff demands judgment against the defendants for:

1. Compensatory damages in an amount that the trier of facts considers just and fair.

2. Punitive and exemplary damages in an amount that the trier of the fact considers sufficient to punish and deter each defendant against whom, these damages are awarded;

3. Costs of suit;

4. Reasonable attorney fees; and

5. All other relief that is just and proper.


Dated: Brooklyn, New York
May 15, 2013

Respectfully Submitted
Adrian A. Ellis, LLC
By:
Adrian A. Ellis, Esq.(5276)
26 Court Street, Suite 1600
Brooklyn, NY 11242
P (718) 596-1308
F (718) 596-8059